**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE GILLMAN,                                           :        ECF Filing

                                    Plaintiff,           :

                                                         :        08 CIV 8909 (LAP)

- against -                                              :

                                                         :

INNER CITY BROADCASTING CORP.,                           :

                                                         :

                                    Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Defendant ICBC Broadcast Holdings ("ICBC" or "Defendant"), incorrectly named as Inner City Broadcasting Corporation, respectfully requests that the Court pose the following questions to prospective jurors in accordance with Rule 47(a) of the Federal Rules of Civil Procedure, and further that the Court permit Defendant to supplement that examination if necessary.

<u>**STATEMENT OF THE CASE**</u>

   Plaintiff Wayne Gillman asserts a claim of retaliation in violation of Title VII of the Civil Rights Act of 1964 and Section 296 of the New York State Executive Law. Defendant ICBC Broadcast Holdings denies all of Plaintiff's allegations and states that all of its actions with respect to Plaintiff have been lawful.

   In the trial of this matter, each side is entitled to the fair, unbiased, and impartial consideration of each juror. Each juror must make his or her own independent judgment. If there is any fact or reason why any of you might be biased in any way, it is your duty to disclose it now.

NY:4814124v5

## PROPOSED VOIR DIRE

### A.     Jurors' Familiarity with the Parties and the Lawsuit

1.     Do any of you know the Plaintiff, Wayne Gillman, an individual residing in New York?

2.     The Defendant is ICBC Broadcast Holdings, which has been incorrectly named as Inner City Broadcasting Corporation.  Defendant ICBC Broadcast Holdings, which I will refer to as "ICBC," is a corporation that operates seventeen (17) radio stations, including WBLS-FM and WLIB-AM in the New York metropolitan area.

(a)     Have you had any negative experiences with ICBC, Inner City Broadcasting Corporation, WBLS-FM, and/or WLIB-AM?

(b)     Have you, any member of your family or any of your friends ever had any personal or business dealings with ICBC, Inner City Broadcasting Corporation, WBLS-FM, and/or WLIB-AM?  If so, please describe.

(c)     Are you related, to your knowledge, to any officer, director, or employee of ICBC, Inner City Broadcasting Corporation, WBLS-FM, and/or WLIB-AM?  If so, what is the nature of that relationship?  Would that relationship cause you to be unable to render a fair and impartial verdict?

(d)     Is there any reason that you, a member of your family or any of your close friends would harbor ill will toward ICBC, Inner City Broadcasting Corporation, WBLS-FM, and/or WLIB-AM?

3.     Have you read any newspaper articles or magazine stories, whether in paper or on the internet, or seen any television news coverage, regarding ICBC, Inner City Broadcasting Corporation, WBLS-FM, and/or WLIB-AM that might in any way influence

your view of ICBC?  If so, please describe the material you read or saw, and the influence it had on you.

4.   The plaintiff in this case is a member of the labor union called the American Federation of Television and Radio Artists, also known as AFTRA.  Are you, or any member of your family or any of your friends a member of AFTRA?  If so, would that relationship cause you to be unable to render a fair and impartial verdict?

5.   You will also hear some testimony about a now-defunct radio station called Air America.

(a)   Have you had any negative experiences with Air America?

(b)   Have you, any member of your family or any of your friends ever had any personal or business dealings with Air America?  If so, please describe.

(c)   Are you related, to your knowledge, to any officer, director, or employee of Air America?  If so, what is the nature of that relationship?  Would that relationship cause you to be unable to render a fair and impartial verdict?

(d)   Is there any reason that you, a member of your family or any of your close friends would harbor ill will toward Air America?

6.   The attorneys representing the parties in this matter are:

(a)   James P. Cinque from the Law Offices of Cinque & Cinque, P.C. is representing the Plaintiff.

(b)   Ana S. Salper and Carrie Corcoran from the law firm of Epstein Becker & Green, P.C. are representing Defendant ICBC.

7.   Do any of you know anyone who works for, has worked for or has had dealings with any of the attorneys or law firms I just mentioned?

**B.    Corporate Status**

8.    Is there any reason why the fact that the defendant in this lawsuit is a corporation might influence you in any way?

9.    Do you tend to distrust corporations, including what corporations say to explain their conduct?

10. Do any of you believe as you sit here today, even prior to hearing or seeing the evidence in this case, that corporations like ICBC would lie under oath if it would help their legal position in this or any litigation?

11. Are you inclined to grant monetary damages to the Plaintiff – even if he fails to prove his case in accordance with the rules which I will explain to you later – simply because ICBC is a corporation?

12. It is a principle of American jurisprudence that a corporation is entitled to the same rights and privileges as  - and should be treated by jurors as if it was – a natural person.  Do you think that you can abide by this principle?

13. Do you believe that jobs should be stable and that employers should be loyal to long-term employees, even where such employees' positions are no longer necessary to the employer?

14. Do you believe that employees should be loyal to their employers?

15. Do you believe that employers should be allowed to make business decisions that make company profits the top priority?

16. Do you think it in inherently unfair to terminate a long-term employee regardless of the reason?

NY:4814124v5                                    - 4 -

17. Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you be uncomfortable in deciding against the plaintiff due to such sympathy?

## C. Jurors' Familiarity with the Witnesses

18. I am now going to read a list of the witnesses the parties expect to call. If you know any of these individuals, please raise your hand. Just because I read a name does not necessarily mean that the person will ultimately be called as a witness – that is a decision that rests with the attorneys:

    (a) Wayne Gillman

    (b) Charles Warfield

    (c) Pierre Sutton

    (d) Cheryl Sutton

    (e) William Cooper

    (f) Catrice Allen

    (g) A representative of New York City Police Department, Public Information Office

    (h) A representative of the Lexington Center for Recovery, Inc.

19. Do you know any of these potential witnesses?

20. Do you believe that over the passage of time memories fade and a witness may not be able to recollect with specificity certain events, but that does not suggest that the witness is untruthful?

## D. Jurors' Background

21. Who is your current employer and job title?

22. How long have you been employed in that position?

23. What is the longest job you have ever held?

24. If retired, at what age did you retire?  Under what circumstances did you retire (voluntary, involuntary, layoff)?

25. If unemployed, how long have you been unemployed?

(a)  Are you currently looking for a job?

(b)  How long have you been looking for work?

(c)  Please explain the circumstances and tell us why you believe you have not been able to find work?

26. Is your spouse or significant other, if any, employed?  If so, who is he/she employed by and what is his/her job title?

27. Do you have any working children?  If so, who is he/she employed by and what is his/her job title?

28. What is your highest level of education?

29. Is anyone in your family or is any close friend an attorney?  If yes, who and what is their specialty?

30. Have you ever held a supervisory position in any job?  If so, how many employees did you supervise?  Did you ever have to terminate an employee?

31. Have you ever taken a leave of absence from your employment?  If yes:

(a)  What were circumstances?

(b)  How long were you out on leave?

(c)  Did you received compensation during your leave?

(d)  Did you return to work for the employer in the same position and at the compensation level following your leave of absence?

32. Have you or any member of your family or a close friend ever worked for the Equal Employment Opportunity Commission (often referred to as the "EEOC"), the New York State Division of Human Rights, the NYC Commission on Human Rights, or any other state or local human rights organization?  If yes:

> (a) Who was the person?
>
> (b) Which agency was that person employed?
>
> (c) When were they employed by the agency?
>
> (d) In what capacity were they employed?

33. Have you or a member of your family ever been a member of a labor union?  If yes:

> (a) If it is a family member, how are they related to you?
>
> (b) What union?
>
> (c) Are you/they still a member?
>
> (d) How long were you/they a member?

34. Have you, your family members or close friends ever been involuntarily terminated from a job?  Did you believe the termination was unfair?

35. Have you, your family members or close friends ever left a job voluntarily but under unpleasant circumstances?  If so, please explain.

36. This case will probably take approximately one week to try.  Would the mere fact that this trial may be of that duration in any way affect your opinion as to the merits of the case, or affect your willingness and ability to carefully consider the evidence presented on all the issues?

37. Do you have any medical issues that may affect your ability to hear or see the evidence presented in this case and deliberate and reach a verdict?

38. Do you watch television?  If so, what are your three (3) favorite television shows?

39. Have you read any books within the last year?  If so, which book(s)?

**E.    Jurors' Experience With Discrimination / Retaliation**

40. Plaintiff, Wayne Gillman, alleges that his former employer, ICBC, retaliated against him by terminating his employment for rejecting alleged romantic overtures by someone he claims had authority at ICBC.  ICBC asserts that it terminated Wayne Gillman for a legitimate business purpose because it had no work for him to do.  Is there anything about the issues in this suit that you find troubling?

41. Do you believe that an employer has the right to terminate an employee for any reason or no reason, so long as there is no discrimination or retaliation involved?

42. Have you ever thought that you (or someone in your immediate family) were subjected to sexual harassment in the workplace?  If yes:

    (a)  What did you do about it?

    (b)  What were the circumstances?

    (c)  What was the result?

43. Have you ever thought anyone retaliated against you (or someone in your immediate family) unfairly, after you made a complaint of racial, gender, age, religious or disability discrimination in connection with your employment?  If yes:

    (a)  What did you do about it?

    (b)  What were the circumstances?

    (c)  What was the result?

44. Have you (or someone in your immediate family) ever been accused of subjecting someone else to sexual harassment in the workplace?  If yes:

> (a) What were the circumstances?
>
> (b) What was the result?

45. Have you ever (or someone in your immediate family) ever been accused of retaliating against someone in the workplace for filing a complaint of racial, gender, age, religious or disability discrimination in connection with your employment? If yes:

> (a) What did you do about it?
>
> (b) What were the circumstances?
>
> (c) What was the result?

46. Have you filed a claim for compensation, either in court, or in a grievance or arbitration proceeding, or in any administrative forum?

**F.  Juror's Ability to Apply the Burden of Proof**

47. The law provides that the plaintiff always has what is called the "burden of proof," that is, plaintiff ultimately has to convince you that he was retaliated against for complaining about acts made illegal by the federal and state laws prohibiting employment discrimination. ICBC does not have to prove that it did not retaliate against plaintiff. Do any of you have any difficulty accepting and applying that principle, whether or not you agree with it?

48. Are you comfortable making decisions without being 100% convinced that your decision is right? If yes:

> (a) Are you comfortable making decisions with as much as 49% doubt in your mind?
>
> (b) If a decision involves a significant amount of money or affects someone's life in significant way, do you need to be more convinced that it is the right decision to be comfortable?

49. Are you comfortable making decisions based only on circumstantial evidence?

50. Would you provide greater weight to facts asserted through tangible evidence in contrast to those facts asserted through circumstantial evidence?

51. Would you be comfortable making a decision based only on a suspicion of guilt?

## G.    Jurors' Experience With The Legal System

52. At the trial, the plaintiff, Mr. Gillman, will present his case and then the defendant, ICBC, will presents its defense case.  Do you feel that you would make up your mind after hearing only one side's evidence, or do you feel you can keep an open mind until all of the evidence has been presented?

53. Have you or your spouse or immediate family member ever been involved in a lawsuit?  If yes:

    (a)  What type of case?

    (b)  Were you the plaintiff, the defendant or a witness?

    (c)  Were you satisfied with the results, if a party?

54. Have you ever served as a juror?  If yes:

    (a)  Was it in a civil or criminal case?

    (b)  If civil, what was the type of case?

    (c)  Did the case go to verdict?

    (d)  Is there anything about that experience which would influence the way you evaluate the evidence in this case?

55. Do you tend to believe that when a person brings a case in court they must have a legitimate basis for doing so, or that if a case has gotten to the point of trial there must be merit to the plaintiff's claims?

56. Do you know of any reason why you would not be able to listen to the evidence fairly and impartially, and decide the issues strictly on the basis of the evidence you hear in the courtroom, free of all bias and prejudice?

57. If you should find that your beliefs about the case differ from those of others on the jury, would you be able to stand up for your own beliefs?

58. The functions of the judge and jury are very different. You as jurors – and only you – decide the facts, that is, what happened. The judge– and only the judge – decides the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or think it is wise or just or fair. Whether you approve or disapprove of the Court's rulings or instructions, it is your solemn duty to accept as correct the Court's statements of the law. You may not substitute your own idea of what you think the law is or ought to be. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

59. Do you know of any other reason, or has anything occurred during this questioning, that makes you doubtful that you would be a completely fair and impartial juror in this case? If so, it is your duty to say so at this time.

Defendant respectfully reserves the right to supplement or amend the above-requested voir dire questions subsequent to the rulings on any motions *in limine*, and subject to the answers provided by any particular juror as necessary.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Carrie Corcoran
      Ana Salper
      Carrie Corcoran
      250 Park Avenue
      New York, New York 10177-1211
      *Attorneys for Defendant*

Dated:  January 28, 2011