**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE GILLMAN,                                                  :         ECF Filing
                                                               :
                              Plaintiff,                        :
                                                               :         08 CIV 8909 (LAP)
              - against -                                       :
                                                               :
                                                               :
INNER CITY BROADCASTING CORP.,                                  :
                                                               :
                              Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant ICBC Broadcast Holdings ("ICBC" or "Defendant"), incorrectly named as Inner City Broadcasting Corporation, by its attorneys, Epstein Becker & Green, P.C., hereby submits the attached preliminary proposed jury instructions and requests to charge pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Individual Practices.  ICBC respectfully requests leave before the instructions are given to the jury to submit revised or additional requests based upon the evidence actually adduced at trial.  In addition, ICBC requests leave to submit revised or additional requests that conform with any rulings of law the Court may render during the course of these proceedings.

                                        Respectfully submitted,


                                        EPSTEIN BECKER & GREEN, P.C.



                              By: /s/ Carrie Corcoran                        
                                        Ana S. Salper
                                        Carrie Corcoran
                                        250 Park Avenue
                                        New York, New York 10177-1211
                                        *Attorneys for Defendant*


Dated:  January 28, 2011


NY:4811402v8

**TABLE OF CONTENTS**

**PAGE**

**I.    INSTRUCTIONS ON CLAIMS AND DEFENSES**

Requested Instruction No. 1.    (The Cause of Action at Issue in this Case)...................1

Requested Instruction No. 2.    (Retaliation Cause of Action Against ICBC).................2

Requested Instruction No. 3.    (Legitimate Nondiscriminatory Reasons for
Employment Decision) ...................................................3

Requested Instruction No. 4.    (Employer's Business Judgment) .................................4

Requested Instruction No. 5.    (Damages – General Instructions) ...............................5

Requested Instruction No. 6.    (Causation)...................................................................6

**II.    INSTRUCTIONS ON DAMAGES**

Requested Instruction No. 7.    (Nominal Damages)......................................................7

Requested Instruction No. 8.    (Compensatory Damages – Emotional Distress) ...........8

Requested Instruction No. 9.    (No Punitive Component of Any Compensatory
Damage Award)...........................................................10

Requested Instruction No. 10.    (Compensatory Damages – Back Pay) ........................11

Requested Instruction No. 11.    (Compensatory Damages – Front Pay).......................13

Requested Instruction No. 12.    (Employee's Duty to Mitigate Economic
Damages) ....................................................................15

Requested Instruction No. 13.    (Punitive Damages).....................................................17

NY:4811402v8

i

Requested Instruction No. 1.

**(The Cause of Action at Issue in this Case)**

I will now explain to you each of the elements that plaintiff must prove for his cause of action.

If you find that each element has been proved by plaintiff by a preponderance of the evidence against defendant, your verdict should be for plaintiff and against the defendant.  On the other hand, if plaintiff has not carried his burden of proof with respect to any one of the essential elements of the cause of action, your verdict must be for the defendant.

Source:     O'Malley, Vol. 3C, § 171.60 (adapted); American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, Employment Litigation Model Jury Instructions, 2005 ed., (hereinafter "Employment Litigation Model Jury Instructions"), § 1.02[1] (adapted).

Defendant's Proposed Instruction No. 1

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 2.

**(Retaliation Cause of Action Against ICBC)**

Plaintiff claims that ICBC retaliated against him because he opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964 and New York State Executive Law Section 296.

In order to prevail on this claim, plaintiff must prove by a preponderance of the evidence each of the following elements:

(1)    Plaintiff engaged in or was engaging in an activity protected under the anti-discrimination statutes;

(2)    ICBC took a materially adverse action against the plaintiff based upon the plaintiff's protected activity; and

(3)    A causal connection existed between plaintiff's protected activity and the adverse action taken by his employer.

If you find that plaintiff has failed to prove any of these four elements with respect to plaintiff's termination, then you do not need to deliberate any further on the retaliation claim against ICBC and must return a verdict for ICBC.

Source:    O'Malley, Vol. 3C, § 171.25, 171.60 (adapted).

Defendant's Proposed Instruction No. 2

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

NY:4811402v8                                        2

Requested Instruction No. 3.

**(Legitimate Nondiscriminatory Reasons for Employment Decision)**

You must also consider any legitimate, nondiscriminatory reason or explanation stated by ICBC for its decision.  If you determine that ICBC has stated such a reason, then you must decide in favor of ICBC unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for ICBC's retaliation against plaintiff.

Source:      O'Malley, Vol. 3C, § 171.77 (modified); See also Patterson v. McLean Credit Union, 491 U.S. 164, 187, 109 S.Ct. 2363, 2378, 105 L.Ed.2d 132 (1989).  See also Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).


Defendant's Proposed Instruction No. 3

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
Chief United States District Judge

Requested Instruction No. 4.

**(Employer's Business Judgment)**

The law does not authorize the courts or a jury to substitute their judgment for an employer's business decisions.  In other words, the law does not permit a plaintiff to prevail merely because you do not agree with the decision or think the decision was unfair, unjust or a mistake.  The question is not whether the employer's methods were sound, or its judgments the best ones or the right ones or the fair ones, or whether you would have done the same thing if you were in the employer's shoes at the time.

The only issue before you is whether ICBC had an unlawful motive in making the decision about which plaintiff complains; not whether ICBC made the correct decision.  While an employer's judgment may appear wrong to outsiders, the only question you may answer is whether ICBC's given reasons for their actions were a pretext for intentional and unlawful retaliation.  Thus, the focus of deliberations must be on whether ICBC had an unlawful motive, and not on their business judgment.  If you do not find from a preponderance of the evidence that ICBC acted in retaliation against plaintiff because he engaged in protected activity, then you must return a verdict for ICBC.

Source:     Towles v. Textron Lycoming, 112 F.3d 505 (2d Cir. 1997); Thornlev v. Penton
            Pub. Inc., 104 F.3d 26 (2d Cir. 1997); Beauchat v. Mineta, No. 03 CIV 3196,
            2006 WL 2711608 (E.D.N.Y. Sept. 1, 2006).

Defendant's Proposed Instruction No. 4

Given_____
Refused_____
Given as modified_____
Withdrawn_____


                            _____
                            Chief United States District Judge

Requested Instruction No. 5.

**(Damages – General Instructions)**

I will now give you instructions on awarding damages.  The fact that I am giving you instructions as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Source:        O'Malley, Vol. 3, § 106.02 (adapted).


Defendant's Proposed Instruction No. 5

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
Chief United States District Judge

Requested Instruction No. 6.

**(Causation)**

A party who seeks damages under the law pursuant to which plaintiff sues bears the burden of proving, by a preponderance of the evidence, that there is a cause and effect connection between the alleged unlawful act and the damages sought. Therefore, you may award compensatory damages only for damages or losses that plaintiff proves were caused by ICBC's wrongful conduct. Conduct by ICBC – even if found to be unlawful – that does not cause harm, does not entitle plaintiff to damages. By the same token, harm to plaintiff that is not the result of unlawful conduct by ICBC does not entitle plaintiff to damages. You can award compensatory damages only for those damages that you believe plaintiff suffered as a direct consequence of defendant's alleged unlawful conduct. The burden is on plaintiff to prove that he suffered actual physical or mental injury and that such injury directly resulted from ICBC's conduct.

Source:      Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993), cert. denied, 510 U.S. 1164 (1994); Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 908 (2d Cir. 1993); Arroyo Lopez v. Nuttal, 25 F. Supp. 2d 407, 410 (S.D.N.Y. 1998).

Defendant's Proposed Instruction No. 6

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 7.

**(Nominal Damages)**

If you return a verdict for plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

If you find that ICBC retaliated against plaintiff, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

Source:        O'Malley, Vol. 3C, § 171.93 (modified); Bernham v. Lett, 79 F.3d 318, 326 (2d Cir. 1996); Pino v. Locascio, 101 F. 3d 235, 237 (2d Cir. 1996); Jimenez v. The City of New York, No. 06-CV-15255 (CM), 2009 WL 2442922 (May 29, 2009).

Defendant's Proposed Instruction No. 7

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 8.

**(Compensatory Damages – Emotional Distress)**

If you find defendant retaliated against plaintiff, then you may award compensatory damages, but only for injuries that plaintiff proves were caused by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation – no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's allegedly unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Source:     O'Malley, Vol. 3C, § 171.90 (modified); Rivera v. Baccarat, Inc., 10 F. Supp. 2d 318, 331-32 (S.D.N.Y. 1998); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984); Binder v. Long Island Lighting Co., 847 F. Supp. 1007, 1027-28 (E.D.N.Y. 1994), aff'd in part, rev'd in part, 57 F.3d 193 (2d Cir. 1995); Trivedi v. Cooper, No. 95 Civ. 2075 (DLC), 1996 WL 724743, at *5 (S.D.N.Y. 1996); Patrolmen's Benevolent Ass'n v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002); Olsen v. County of Nassau, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009).

Defendant's Proposed Instruction No. 8

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 9.

**(No Punitive Component of Any Compensatory Damage Award)**

You may not include as compensatory damages any amount that you might add for the purpose of punishing or making an example of defendant for the public good or to prevent other occurrences.  Such damages would be punitive and they are not authorized in determining what compensatory damages should be awarded to plaintiff.

The purpose of compensatory damage awards is to ensure that plaintiff is made whole, and nothing more.  Such damage awards should not provide a windfall to the plaintiff.

Source:    Dominic v. Consolidated Edison Co, 822 F.2d 1249, 1257 (2d Cir. 1987); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 727-28 (2d Cir. 1984); Cosmos Forms, Ltd. v. State Div. of Human Rights, 150 A.D.2d 442, 443, 541 N.Y.S.2d 50, 52 (2d Dep't. 1989).

Defendant's Proposed Instruction No. 9

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 10.

**(Compensatory Damages – Back Pay)**

If you find that ICBC intentionally retaliated against plaintiff in terminating his employment, then you must determine the amount of damages that ICBC's actions have caused plaintiff.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff would have received from ICBC had plaintiff not been the subject of ICBC's intentional retaliation.

Back pay damages, if any, apply from the time plaintiff was terminated until the date of your verdict. If you award back pay, you are instructed to deduct from the back pay figure whatever wages plaintiff has obtained from other employment during this period.

You are further instructed that plaintiff has a duty to mitigate his damages--that is, plaintiff is required to make reasonable efforts under the circumstances to reduce his damages. It is ICBC's burden to prove that plaintiff has failed to mitigate. So if ICBC persuades you, by a preponderance of the evidence, that plaintiff failed to seek or obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that plaintiff reasonably would have earned if he had obtained those opportunities.

Plaintiff must prove by a preponderance of the evidence lost compensation that resulted from adverse employment actions by ICBC. Plaintiff has the burden of proving that he actually incurred a loss of earnings. He must also be able to establish the amount of his loss with

reasonable certainty. You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not on any sympathy you may feel for plaintiff. You may award as damages only the amount you find justified by a preponderance of the evidence, no more and no less.

You may not award damages based simply on speculation or guesswork. Any award must fairly compensate plaintiff for actual injury, the award must have a basis in the evidence, be reasonable in light of that evidence and the amount must be obtainable with some exactness.

Source:    O'Malley, Vol. 3C, § 171.91 (modified); Modern Federal Jury Instructions (Civil) Third Circuit, § 5.4.3 (2010); Model Jury Instructions (Civil) Eighth Circuit, § 5.02 (2001); Modern Federal Jury Instructions, Inst. 77.03 (1997), as modified; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 85.14 Damages - Reasonable - Not Speculative, § 85.15 Damages - Must Have Been Proximately Cause - Modified (4th ed. 1987); Rojas v. Manhattan Jeep Eagle, 1998 WL 385819, at *2 (2d Cir. 1998); Whittlesev v. Union Carbide Corp., 742 F.2d 724, 729 (2d Cir. 1994); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir. 1992); Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d Cir. 1997), aff'd, 175 F.3d 1008 (2d Cir. 1999) (table); Thornley v. Penton Publ'g, Inc., 104 F.3d 26 (2d Cir. 1997); Sands v. Runyon, 28 F.3d 1323 (2d Cir. 1994); Tyler v. Bethlehem Steel Corp., 958 F.2d 1176 (2d Cir. 1992); NLRB v. Browne, 890 F.2d 605 (2d Cir. 1989); Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1273 (4th Cir. 1985); Hansard v. Pepsi-Cola Metro. Bottling Co., 865 F.2d 1461, 1468 (5th Cir. 1989); Grundman v. Trans World Airlines, Inc., No. 87 Civ. 8927, 1990 WL 165756 (S.D.N.Y. Oct. 22, 1990); 29 U.S.C. § 2612 (c)

Defendant's Proposed Instruction No. 10

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 11.

**(Compensatory Damages – Front Pay)**

You may determine separately a monetary amount equal to the present value of any future wages and benefits that plaintiff would reasonably have earned from ICBC had plaintiff not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits plaintiff will receive from other employment during that time. Plaintiff has the burden of proving these damages by a preponderance of the evidence.

If you find that plaintiff is entitled to recovery of future earnings from ICBC, then you must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings. You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if he made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to plaintiff if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that plaintiff can earn on that amount in the future.

Source:    Modern Federal Jury Instructions (Civil) Third Circuit, § 5.4.4 (2010).

NY:4811402v8

13

14

Defendant's Proposed Instruction No. 11

Given_____
Refused_____
Given as modified_____
Withdrawn_____

      _____
      Chief United States District Judge

Requested Instruction No. 12.

**(Employee's Duty to Mitigate Economic Damages)**

Plaintiff must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This is called mitigation of damages. However, it is the defendant's burden to prove by a preponderance of the evidence that plaintiff failed to mitigate his damages for loss of compensation.

If you determine that the plaintiff is entitled to lost compensation, you must reduce the loss by:

1.      what plaintiff earned; and

2.      what plaintiff could have earned by reasonable effort during the period from the start of plaintiff's loss until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1.      the type of work;

2.      the hours worked;

3.      the compensation;

4.      the job security;

5.      the working conditions; and

6.      other conditions of employment.

You must decide whether plaintiff acted reasonably in not seeking or accepting a particular job. If you determine plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff or any portion of plaintiff's loss of compensation resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's loss of compensation.

Source:    O'Malley, Vo. 3C, § 171.95 (adapted); Employment Litigation Model Jury Instructions, § 1.07[5]; Ford Motor Co., v. EEOC, 458 U.S. 219, 231 (1982); Padilla v. Metro-North Commuter R.R., 92 F.3d 117, 125 (2d Cir. 1996), cert. denied, 117 S. Cit. 2453 (1997); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1258 (2d Cir. 1987); EEOC v. Service News Co., 898 F.2d 958, 963 (4th Cir. 1990); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1427-28 (7th Cir. 1986); Reilly v. Cisneros, 835 F. Supp. 96, 99 (W.D.N.Y. 1993), aff'd, 44 F.3d 140 (2d Cir. 1995).

Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982); Greenwav v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998); Proulx v. Citibank, N.A., 681 F. Supp. 199, 202-05 (S.D.N.Y.), aff'd mem., 862 F.2d 304 (2d Cir. 1988); New York City Bd. of Educ. v. Simlev, 96 A.D.2d 947, 949-50, 466 N.Y.S.2d 401, 404 (2d Dep't 1983).

Defendant's Proposed Instruction No. 12

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
Chief United States District Judge

Requested Instruction No. 13.

**(Punitive Damages)**

If plaintiff proves by a preponderance of the evidence that the acts of defendant were done with malice or reckless indifference to his federally protected rights, plaintiff may be entitled to punitive damages in addition to compensatory damages.

An employer may not be held liable for punitive damages because of retaliatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful retaliation in the workplace.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1.     The impact or severity of defendant's conduct;

2.     The amount of time the defendant conducted itself in a manner malicious or in reckless indifference to plaintiff's rights;

3.     The amount of compensatory damages;

4.     The potential profits defendant may have made from defendant's conduct;

5.     The attitudes and actions of defendant's top management after the misconduct was discovered; and

6.     The effect of the damages award on defendant's financial condition.

Source:     O'Malley, Vol. 3C, § 171.94 (modified); Kolstad v. American Dental Association, 119 S. Ct. 2118 (1999); Stanojev v. Ebasco Servs., Inc., 643 F.2d 914, 924 n.7 (2d Cir. 1981).

Defendant's Proposed Instruction No. 13

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                           _____
                                           Chief United States District Judge