**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE GILLMAN,                                          :        ECF Filing

                          Plaintiff,        :

                               :        08 CIV 8909 (LAP)

          - against -        :

                               :

INNER CITY BROADCASTING CORP.,                :

                       Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE

---

**EPSTEIN BECKER & GREEN P.C.**
**250 Park Avenue**
**New York, New York 10177**
**(212) 351-4500**

Counsel:
Ana S. Salper
Carrie Corcoran

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

I. STATEMENT OF FACTS ....................................................................................... 1

II. LEGAL ARGUMENT .............................................................................................. 2

    A. Evidence of Alleged Sexual Harassment Should Be Excluded ............................. 2

    B. Evidence Related to Other Complaints of Sexual
       Harassment Should Be Excluded ........................................................................... 5

    C. Plaintiff's Speculation Regarding the Reasons
       for Other Employee Terminations Should Be Excluded ....................................... 7

    D. Evidence Relating to Other Radio Stations Should Be Excluded .......................... 8

    E. Evidence Relating to Litigation Against Percy Sutton Should Be Excluded ......... 9

III. CONCLUSION ....................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**

**PAGE**

Alleyne v. Four Seasons Hotel-New York, No. 99 Civ. 3432, 2001 WL 135770
(S.D.N.Y. Feb. 15, 2001), aff'd, No. 01-7347, 25 F. App'x 74 (2d Cir. 2002)...............................6

Carrion v. Local 32B-32J SEIU,
No. 03 Civ. 1896, 2005 WL 659321 (S.D.N.Y. Mar. 21, 2005) .......................................................8

Commer v. New York City Dep't of Transp.,
No. 96-9095, 1997 U.S. App. LEXIS 26243 (2d Cir. Sept. 19, 1997) ............................................5

Cruz v. Liberatore, 582 F. Supp. 2d 508 (S.D.N.Y. 2008) ...............................................................3

Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564 (2d Cir. 1989)............................................3

Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,
842 F.2d 590 (2d Cir. 1988)..............................................................................................................3

Mugavero v. Arms Acres, Inc.,
No. 03 Civ. 05724, 2009 WL 1904548 (S.D.N.Y. July 1, 2009) .....................................................4

Parcinski v. Outlet Co., 673 F.2d 34 (2d Cir. 1982) ........................................................................8

Richardson v. Comm'n of Human Rights & Opportunities,
532 F.3d 114 (2d Cir. 2008), cert. denied, 130 S. Ct. 56 (2009) .....................................................3

Scaria v. Rubin, 117 F.3d 652 (2d Cir. 1997).....................................................................................8

Spence v. Maryland Cas. Co., 803 F. Supp. 649 (W.D.N.Y. 1992),
aff'd, 995 F.2d 1147 (2d Cir. 1993)...................................................................................................6

Spulak v. K Mart Corp., 894 F.2d 1150 (10th Cir. 1990).................................................................6

Sumner v. U.S. Postal Serv., 899 F.2d 203 (2d Cir. 1990)...............................................................3

Triola v. Snow, 289 F. App'x 414, 418 (2d Cir. 2008) .....................................................................4

Worthington v. County of Suffolk,
No. 02-cv-723, 2007 WL 2115038 (E.D.N.Y. July 20, 2007)..........................................................6

## STATUTES

Fed. R. Evid. 401 ............................................................................................................................3

Fed. R. Evid. 402 ............................................................................................................................3

Fed. R. Evid. 403 ............................................................................................................................4

Fed. R. Evid. 602 .........................................................................................................................5, 8

Fed. R. Evid. 701 ............................................................................................................................5

Defendant ICBC Broadcast Holdings ("ICBC" or "Defendant"), incorrectly named as Inner City Broadcasting Corporation, brings this motion *in limine* to exclude plaintiff from introducing any evidence of, or making any reference to:

1.  the allegations underlying his now-dismissed sexual harassment claim;

2.  any allegations or claims made by other current or former ICBC employees regarding sexual harassment at ICBC;

3.  plaintiff's speculation regarding the reasons for the termination of any other ICBC employees;

4.  plaintiff's speculation concerning job positions and duties at other radio stations; and

5.  any evidence related to the lawsuit filed by plaintiff against Percy Sutton.

For the reasons set forth below, Defendant moves *in limine* to preclude plaintiff from offering such evidence at trial.

## I.    STATEMENT OF FACTS

Pursuant to this Court's Order on Defendant's Motion for Summary Judgment, the sole remaining claim for the jury is plaintiff's cause of action for retaliation under Title VII of the Civil Rights Act of 1964 and Section 296 of the New York State Executive Law. Specifically, plaintiff voluntarily withdrew his age discrimination claim (Docket No. 31); his sexual harassment claim based on conduct that allegedly occurred before 2004 was deemed "not at issue here because those claims were consensually resolved and not temporally related to [his timely] claims" (Docket No. 42, n.1); and plaintiff's claim of sexual harassment based on conduct that allegedly began in 2007 was dismissed "[b]ecause . . . the alleged incidents did not take place in the 'workplace' . . . ." (Docket No. 42, page 3.)  The Court also held that plaintiff

could not pursue a *quid pro quo* sexual harassment claim since he did not raise such claim in his pleadings.  (Docket No. 42, n.1.)

The sole issue to be determined by the jury is whether ICBC would have terminated plaintiff's performance if not for his alleged rejection of Cheryl Sutton's romantic overtures.  Plaintiff's allegations and speculation pertaining to dismissed or withdrawn causes of action is irrelevant and unduly prejudicial and should be excluded from the trial in this case.  Thus, neither his allegations nor or the allegations of other former or present ICBC employees have any bearing on this matter and should be excluded on grounds of relevance and undue prejudice.  Additionally, plaintiff's speculation regarding the reasons for the terminations of other ICBC employees similarly has no place in this trial due to the irrelevance and prejudice accompanying such baseless accusations.

Further, plaintiff should not be permitted to speculate about positions and job duties at other radio stations because such testimony would be utterly without foundation and unduly prejudicial to ICBC because it would confuse the issues and improperly invite the jury to second guess ICBC's business judgments.

Finally, plaintiff should be precluded from offering testimony or evidence regarding his lawsuit against Percy Sutton (or the Estate of Percy Sutton) because such litigation is irrelevant to the issues before the jury and would be confusing.

## II.     LEGAL ARGUMENT

### A.      Evidence of Alleged Sexual Harassment Should Be Excluded

ICBC anticipates that plaintiff will attempt to present evidence at trial regarding the alleged incidents which formed the basis of his dismissed sexual harassment claims.[1]

---

[1] ICBC's motion is limited to precluding the admission of evidence related to the allegations underlying plaintiff's sexual harassment claim based on conduct in the mid-1990s and in 2007 as

However, this evidence has no bearing on plaintiff's remaining retaliation claim. Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990) ("To establish that his activity is protected under Title VII, a plaintiff need not prove the merit of his underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed.") (citing Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564, 1569 (2d Cir. 1989); Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988)).

To prove his claim of retaliation, plaintiff must prove by a preponderance of the evidence:  (1) participation in a protected activity known to ICBC; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action.  Cruz v. Liberatore, 582 F. Supp. 2d 508, 524 (S.D.N.Y. 2008) (quoting Richardson v. Comm'n of Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir. 2008), cert. denied, 130 S. Ct. 56 (2009)).  Thus, at trial, plaintiff must present evidence that ICBC knew of his alleged rejection of Ms. Sutton's romantic overtures and of a causal connection between that activity and his termination.  Plaintiff's sexual harassment allegations are irrelevant to the proof he must adduce in support of his retaliation claim – as well as highly prejudicial to ICBC.  To be admissible, evidence must be relevant.  Fed. R. Evid. 402.  Relevant evidence is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  The allegations underlying plaintiff's dismissed sexual harassment claims do not speak to the issues of whether ICBC had knowledge of plaintiff's alleged protected activity or whether a causal connection existed between plaintiff's alleged

---

distinguished from any complaints he made about such conduct and ICBC's response to same. Accordingly, Defendant does not seek to preclude the fact that plaintiff may have engaged in protected activity by complaining to ICBC's Human Resources Department and/or Pierre Sutton in 1995 and/or 1996.

protected activity and his termination.  Plaintiff can attempt to present evidence establishing the necessary elements of his claim without digressing into Ms. Sutton's alleged conduct.  See Mugavero v. Arms Acres, Inc., No. 03 Civ. 05724, 2009 WL 1904548, at \*\*7-8 (S.D.N.Y. July 1, 2009) (excluding evidence of the substance of the complaint of harassment and the company's investigation thereof except to the extent it was necessary to establish that the plaintiff engaged in protected activity through his participation in the investigation).

Even if plaintiff's allegations were deemed relevant, introduction of such evidence would unduly prejudice ICBC.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  All evidence regarding the alleged harassment should be excluded because its only purpose would be to support plaintiff's sexual harassment claims, which the Court has dismissed.  See Triola v. Snow, 289 F. App'x 414, 418 (2d Cir. 2008) (holding that the court acted well within its discretion pursuant to Rule 403 in excluding a document from evidence because it went to plaintiff's dismissed age discrimination claims).  The introduction of evidence of these dismissed claims would engender sympathy for plaintiff, inflame the jury's passions against ICBC, and confuse the jury as to the issues that it must decide.  Accordingly, plaintiff should not be permitted to retry his sexual harassment claims under the guise that his sexual harassment allegations are important to his retaliation claim.  The probative value of this evidence – minimal at best -- simply does not outweigh the fact that such evidence would unfairly taint the jury against ICBC.

As stated above, the Court distinguished between plaintiff's allegations from 2004 and earlier and his allegations from 2007.  Even were the Court to determine that the alleged sexual harassment occurring during the later period is admissible, plaintiff's allegations

- 4 -

regarding 2004 and earlier should nevertheless be excluded because, pursuant to the law of the case, these time-barred allegations are irrelevant. (Docket No. 42, n.1 (holding that the "claims of sexual harassment before 2004 are not at issue here because those claims were consensually resolved and not temporally related to these claims.").)  Accordingly, at a minimum, any reference to testimony or documentation regarding harassment in 2004 or earlier should be excluded.  Commer v. New York City Dep't of Transp., No. 96-9095, 1997 U.S. App. LEXIS 26243 (2d Cir. Sept. 19, 1997) (affirming the trial court's order excluding evidence of time-barred claims from trial).

**B.      Evidence Related to Other Complaints of Sexual Harassment Should Be Excluded**

Based on questions posed by plaintiff's attorney during the depositions of ICBC witnesses, Defendant anticipates that plaintiff will attempt to introduce evidence of sexual harassment claims made by other individuals against ICBC.  Specifically, during discovery, plaintiff sought deposition testimony regarding complaints of sexual harassment allegedly filed by two ICBC employees. (See P. Sutton Dep. at 17:11 – 19:7;[2] C. Warfield Dep. at 18:17 – 21:19.[3])

A witness may only testify to matters about which he has personal knowledge. Fed. R. Evid. 602; see also Fed. R. Evid. 701 (prohibiting opinion testimony).  Conversely, testimony that is not grounded in a witness' personal knowledge is incompetent and inadmissible. Thus, any testimony by plaintiff concerning what other employees told him about their experiences – but which plaintiff did not personally observe – amounts to inadmissible hearsay because plaintiff had no participation in or firsthand knowledge of the alleged

---

[2] The cited pages from Pierre Sutton's deposition transcript are attached to the Affirmation of Carrie Corcoran as Exhibit A.

[3] The cited pages from Charles Warfield's deposition transcript are attached to the Affirmation of Carrie Corcoran as Exhibit B.

discriminatory conduct.  See Alleyne v. Four Seasons Hotel–New York, No. 99 Civ. 3432, 2001 WL 135770, at *12 n.5 (S.D.N.Y. Feb. 15, 2001), aff'd, No. 01-7347, 25 F. App'x 74 (2d Cir. 2002) (noting that plaintiff's allegations concerning other employees were hearsay "that would be inadmissible at trial") (citations omitted).

In addition, this evidence is irrelevant to plaintiff's retaliation claims (and it would have likewise been irrelevant to his dismissed sexual harassment claim).  In order to admit "testimony of other acts of discrimination by the defendant . . ., [p]laintiff must show the circumstances involving the other employees are such that their statements can 'logically or reasonably be tied to the decision to terminate [the plaintiff].'"  Worthington v. County of Suffolk, No. 02-cv-723, 2007 WL 2115038, at *4 (E.D.N.Y. July 20, 2007) (citing Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir. 1990)).  Plaintiff has not asserted, nor can he, any evidence establishing that other ICBC employees were terminated after complaining about sexual harassment (or after engaging in any other form of protected activity) and, therefore, this evidence is not relevant to the instant claim because any alleged complaints by other employees are not logically or reasonably tied to the decision to terminate plaintiff.  See Spence v. Maryland Cas. Co., 803 F. Supp. 649, 668 (W.D.N.Y. 1992), aff'd, 995 F.2d 1147 (2d Cir. 1993) (other employees' affidavits containing "'subjective, unsubstantiated renditions . . . concerning their work performance and conclusions of discrimination'" not "proof of a discriminatory intent by defendants in their dealings with plaintiff").

As with the evidence underlying plaintiff's sexual harassment claims, the only purpose this evidence would serve would be to paint ICBC in a poor light.  Plaintiff should not be permitted to use this trial to mount a smear campaign against ICBC by trotting out unsubstantiated allegations.  In addition to having no probative value regarding the matters at

- 6 -

issue, permitting this evidence would confuse the jury as to the actual issues to be decided. Accordingly, plaintiff should be precluded from offering evidence of, or referring to, any alleged complaints of sexual harassment and/or discrimination filed by other ICBC employees.

### C. Plaintiff's Speculation Regarding the Reasons for Other Employee Terminations Should Be Excluded

Based on allegations that plaintiff made in his Amended Complaint and at his deposition, he may attempt to testify or present evidence at trial relating to his voluntarily withdrawn age discrimination claim. Specifically, it is anticipated that plaintiff will attempt to allege that ICBC engaged in a specific employment practice of terminating long-term employees over the age of 40 and replacing them with substantially younger employees. (Pl.'s Dep. at 245:15 – 248:24.[4]). When questioned regarding the basis for his belief that ICBC engaged in such a practice, plaintiff was not able to provide any "source" and, rather, he testified that it was his "perception." (Id.) Plaintiff's allegations are mere speculation and conjecture not based on any credible evidence or facts. Moreover, as with the evidence related to his now-dismissed sexual harassment claim, such evidence is not relevant to the narrow issue currently before the jury.

Not only is this evidence irrelevant and wholly lacking in foundation, this meritless allegation is unfairly prejudicial. Permitting this information would cause confusion of the issues and mislead the jury about the issues to be decided. Accordingly, plaintiff should be precluded from offering any testimony that ICBC engaged in a practice of terminating long-term employees.

---

[4] The cited pages from plaintiff's deposition transcript are attached to the Affirmation of Carrie Corcoran as Exhibit C.

### D.    Evidence Relating to Other Radio Stations Should Be Excluded

Based on his deposition testimony and deposition questions posed to ICBC's President and Chief Operating Officer Charles Warfield, Defendant expects that plaintiff may seek to testify about job positions and duties at other radio stations in an attempt to argue that ICBC should have created a position for him rather than terminating his employment.  (See Pl.'s Dep. at 66:14 – 67:19; Warfield Dep. at 78:6-25.)

Specifically, plaintiff attempts to assert facts about what his job duties would have been if he had not gone to work at Air America.  In support of this, however, plaintiff testified broadly about the job duties of a news director at another radio station.  Plaintiff admittedly never spoke to anyone at ICBC about what his job responsibilities would have been.  (Pl's Dep. at 67:13-27.)  Plaintiff's testimony demonstrates that he has no first-hand knowledge about the job positions and duties at other radio stations or what his job duties would have been had he remained at ICBC.  Any testimony about other stations would thus be speculative and wholly lacking in foundation.  See Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

Even were that not so, this testimony must be excluded because it is well settled that "[i]t is not the Court's or a jury's role to substitute its own[] views or values for an employer's business determinations and choices, or to 'judge the wisdom of a corporation's business decisions.'"  Carrion v. Local 32B-32J SEIU, No. 03 Civ. 1896, 2005 WL 659321, at **13, n.20 (S.D.N.Y. Mar. 21, 2005) (citing Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982); Scaria v. Rubin, 117 F.3d 652, 654-55 (2d Cir. 1997) ("'This Court does not sit as a super-personnel department that reexamines an entity's business decisions.'")) (citations omitted).  The sole issue to be resolved is whether there was a legitimate business reason for the

termination, and whether there is any evidence to suggest that retaliation was the basis for discharging plaintiff.

Accordingly, the only issue before the jury is whether ICBC had an unlawful motive in terminating plaintiff's employment; not whether ICBC made the correct decision. Although an employer's judgment may appear wrong to outsiders, the only question presented to the jury is whether ICBC's stated reasons for its actions were a pretext for intentional and unlawful retaliation. Thus, the focus of deliberations must be on whether ICBC had an unlawful motive, and not on its business judgment.

Permitting plaintiff to present irrelevant evidence that he believed ICBC could have found work for him to perform based on the practices at other radio stations would cause undue confusion of the issues. Accordingly, plaintiff should be precluded from offering evidence of, or referring to, job positions and duties at other radio stations in order to establish that ICBC should not have terminated his employment.

### E.    Evidence Relating to Litigation Against Percy Sutton Should Be Excluded

During plaintiff's deposition, he testified that he had invested in a business venture with Percy Sutton, the father of Pierre and Cheryl Sutton, and that he had initiated a lawsuit against Percy Sutton seeking the return of his investment. (Pl.'s Dep. at 204:10 – 207:25.) Any evidence or testimony regarding this lawsuit should be excluded as irrelevant. The lawsuit between plaintiff and the now-deceased Percy Sutton is separate and distinct from the instant matter. Plaintiff has not asserted any evidence alleging that Percy Sutton was involved in the operations of ICBC at the time he was terminated or that Percy Sutton had any input, knowledge or involvement in the decision to terminate his employment. This testimony has no probative value and, rather, would only serve to cause undue confusion of the issues.

Accordingly, plaintiff should be precluded from offering any evidence related to the lawsuit filed against Percy Sutton.

## III.    CONCLUSION

For the foregoing reason, Defendant's *Motion In Limine* should be granted in its entirety.

RESPECTFULLY SUBMITTED,


By: /s/ Carrie Corcoran
Ana S. Salper
Carrie Corcoran
250 Park Avenue
New York, New York 10177-1211
*Attorneys for Defendant*


Dated:  January 28, 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE GILLMAN,                              :    ECF Filing
                                            :
                        Plaintiff,          :
                                            :    08 CIV 8909 (LAP)
            - against -                     :
                                            :    PROPOSED
                                            :    ORDER OF COURT
INNER CITY BROADCASTING CORP.,              :
                                            :
                        Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORETTA A. PRESKA, Chief United States District Judge

            AND NOW, this _____ day of _____, 2011, it is hereby Ordered

that Defendant's Motion *In Limine* is GRANTED.  Plaintiff is prohibited from admitting any

evidence of, or making reference to:

1.  the allegations underlying his now-dismissed sexual harassment claim;

2.  any allegations or claims made by other current or former ICBC employees regarding sexual harassment at ICBC;

3.  plaintiff's speculation regarding the reasons for the termination of any other ICBC employees;

4.  plaintiff's speculation concerning job positions and duties at other radio stations; and

5.  any evidence related to the lawsuit filed by plaintiff against Percy Sutton.

.                                            SO ORDERED

                                            _____
                                            LORETTA A. PRESKA, U.S.D.J.