**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| WAYNE GILLMAN, | : | ECF Filing |
| Plaintiff, | : | |
| | : | 08 CIV 8909 (LAP) |
| - against - | : | |
| | : | **DEFENDANT'S** |
| INNER CITY BROADCASTING CORP., | : | **SUPPLEMENTAL AND** |
| | : | **CORRECTED PROPOSED** |
| Defendant. | : | **JURY INSTRUCTIONS** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant ICBC Broadcast Holdings ("ICBC" or "Defendant"), incorrectly named as Inner City Broadcasting Corporation, by its attorneys, Epstein Becker & Green, P.C., hereby submits the attached supplemental and corrected proposed jury instructions and requests to charge pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Individual Practices. ICBC respectfully requests leave before the instructions are given to the jury to submit revised or additional requests based upon the evidence actually adduced at trial. In addition, ICBC requests leave to submit revised or additional requests that conform with any rulings of law the Court may render during the course of these proceedings.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Carrie Corcoran
Ana S. Salper
Carrie Corcoran
250 Park Avenue
New York, New York 10177-1211
*Attorneys for Defendant*

Dated:  February 6, 2011

NY:4848613v2

**TABLE OF CONTENTS**

**PAGE**

**I.    CORRECTED INSTRUCTION**

Requested Instruction No. 2 (**Retaliation Cause of Action Against ICBC**) ....................1

**II.    INSTRUCTIONS ON CLAIMS AND DEFENSES**

Requested Instruction No. 14 (**Nature of the Claim**).........................................................2

Requested Instruction No. 15 (**Retaliation Claim Against ICBC**)....................................3

Requested Instruction No. 16 (**Apparent Authority**).........................................................6

Requested Instruction No. 17 (**Reasonable and Good Faith Belief**)................................7

Requested Instruction No. 18 (**Knoledge by Decision Makers**).......................................9

**II.    INSTRUCTION ON DAMAGES**

Requested Instruction No. 19 (**Malice**) ...........................................................................10

Corrected Requested Instruction No. 2

**(Retaliation Cause of Action Against ICBC)**

Plaintiff claims that ICBC retaliated against him because he opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964 and New York State Executive Law Section 296.

In order to prevail on this claim, plaintiff must prove by a preponderance of the evidence each of the following elements:

(1)    Plaintiff engaged in or was engaging in an activity protected under the anti-discrimination statutes;

(2)    ICBC was aware of plaintiff's protected activity;

(3)    ICBC took a materially adverse action against the plaintiff; and

(4)    A causal connection existed between plaintiff's protected activity and the adverse action taken by ICBC.

If you find that plaintiff has failed to prove any of these four elements with respect to plaintiff's termination, then you do not need to deliberate any further on the retaliation claim against ICBC and must return a verdict for ICBC.

Source:    Kevin F. O'Malley et al., <u>Federal Jury Practice & Instructions</u> (hereinafter "<u>O'Malley</u>"), Vol. 3C, § 171.25, 171.60 (adapted).


**Defendant's Proposed Instruction No. 2**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____


_____
**Chief United States District Judge**


NY:4848613v2                                            1

Requested Instruction No. 14

**(Nature of the Claim)**

Plaintiff claims that ICBC violated Title VII of the Civil Rights Act of 1964 and New York State Executive Law Section 296 by terminating his employment in retaliation for his alleged rejection of Cheryl Sutton's romantic overtures.  ICBC denies it retaliated against the plaintiff in any way and avers that it terminated plaintiff's employment solely because it had no work for him to do.

**Defendant's Proposed Instruction No. 14**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____

_____
**Chief United States District Judge**

2

Requested Instruction No. 15

**(Retaliation Claim Against ICBC)**

In this case, you will need to decide first whether plaintiff engaged in a "protected activity," that is, conduct opposing or protesting an unlawful discriminatory practice at the workplace.

If you find that plaintiff engaged in some form of protected activity, you must then determine whether ICBC was aware of the activity. In this case, Plaintiff must prove by a preponderance of the evidence that ICBC had knowledge that he had expressed opposition to Ms. Sutton's alleged romantic overtures. In this regard, you may consider both direct evidence as well as circumstantial evidence.

With respect to the third element, i.e. being subjected to an adverse employment action, plaintiff claims only that he was terminated in retaliation for his engaging in protected activity. Therefore, you may not consider any other alleged adverse employment action in determining whether this third element is met.

Finally, with regard to the fourth element, i.e., a causal connection between plaintiff's complaint about harassment in the workplace and his termination, you again may only consider whether the protected activity in which plaintiff engaged (if any) caused his termination, not whether it caused any other adverse employment action.

If the adverse employment action followed closely in time after plaintiff engaged in protected activity you may, but are not required to, infer that there is a causal relation between the employer's action and plaintiff having engaged in protected activity. You may only make this inference, however, if you find that the persons at ICBC who decided to terminate plaintiff's employment were aware of his protected activity or were acting at the behest of someone who

was aware of plaintiff's protected activity.  Plaintiff must satisfy his burden of proof that an actual causal connection exists between his complaint and the adverse employment action.

The subjective testimony of plaintiff to the effect that he believes that he was retaliated against because he rejected Ms. Sutton's romantic overtures does not constitute evidence of retaliation and cannot form a basis for finding that ICBC retaliated against him.  Plaintiff's opinion in this regard is just that – his opinion.  Plaintiff's personal opinions are not evidence of retaliation.  The proper inquiry is not whether plaintiff believed defendant's conduct was retaliatory, but whether he has proved by a preponderance of evidence that defendant's conduct was in fact intended to retaliate against him.

If you find that plaintiff has failed to prove any of these four elements with respect to plaintiff's termination, then you do not need to deliberate any further on the retaliation claim against ICBC and must return a verdict for ICBC.

If, however, you find that the plaintiff has succeeded in proving each of the above elements by a preponderance of the evidence with respect to his termination, you must also consider if ICBC has articulated a legitimate, non-retaliatory reason for its actions, and you must consider the explanations offered by ICBC for its actions.  Again, ICBC must only come forward with a legitimate non-retaliatory reason; it does not have to convince you that its reasons are true and good.  The law entitles ICBC to manage its workforce in any way it deems appropriate, as long as ICBC's decisions were not in retaliation for plaintiff's protected activity.

I further instruct you that after a review of the evidence, for plaintiff to prevail in his retaliation claim, he must show by a preponderance of the evidence that either a retaliatory motive, more likely than not, motivated ICBC with respect to plaintiff's termination, or by

proving that both the reasons given by ICBC in defense of its actions are not true and that

retaliation is the real reason for the action.

Source:    Burlington No. & Santa Fe R.R. Co. v. White, 126 S. Ct. 2405, 2409 (2006); St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2751-52 (1993); Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 147-9 (2d Cir. 2010) (Title VII/Section 1981); Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 110-11 (2d Cir. 2010) (ADEA); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116-118 (2d Cir. 2000); Fields v. N.Y. State Office of Mental Retardation & Dev. Disabilities, 115 F.3d 116, 121 (2d Cir. 1997); Lizardo v. Denny's, Inc., 270 F.3d 94, 105 (2d Cir. 2001); Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993); Johnson v. Palma, 931 F.2d 203, 207-08 (2d Cir. 1991); Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir. 2000); Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988); Bernier v. Morningstar, Inc., 495 F.3d 369, 375 (7th Cir. 2007); Wado v. Xerox Corp., 991 F. Supp. 174, 202 (W.D.N.Y. 1998), aff'd sub nom. Smith v. Xerox Corp., 196 F.3d 358 (2d Cir. 1999); Morales v. Human Rights Div., 878 F. Supp. 653, 659 (S.D.N.Y. 1995); Woods v. Bentsen, 889 F. Supp. 179, 188 (E.D. Pa. 1995); Rivadeneira v. City of Philadelphia, No. Civ. A. 90-4979, 1994 WL 594122, at *10 (E.D. Pa. Oct. 31, 1994); Lees v. Case-Hoyt Corp., 779 F. Supp. 717, 726-27 (W.D.N.Y. 1991); Smith v. Cadbury Beverages, Inc., 942 F. Supp. 150 (W.D.N.Y. 1996), aff'd mem., 116 F.3d 466 (2d Cir. 1997); Dixit v. City of New York Dep't of Gen'l Servs., 972 F. Supp. 730, 738 (S.D.N.Y. 1997); Wozniak v. Components Assembly Div., Inc., 220 A.D.2d 934, 935-36, 632 N.Y.S.2d 718, 719-20 (3d Dep't 1995); York v. Mobil Oil Corp., No. 89-CV-1405, 1991 WL 53337, at *2 (N.D.N.Y. Jan. 18, 1991).

**Defendant's Proposed Instruction No. 2**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____

_____
**Chief United States District Judge**

Requested Instruction No. 16

**(Apparent Authority)**

With respect to the second element of plaintiff's retaliation claim only, you may find that ICBC was aware of any opposition to discrimination that plaintiff expressed to Cheryl Sutton only if you find that ICBC cloaked Cheryl Sutton with apparent authority. You may only make this determination if you find that ICBC allowed Cheryl Sutton to operate in a manner that caused plaintiff to reasonably believe that Cheryl Sutton was authorized to control the terms and conditions of his employment. Accordingly, Mr. Gillman must demonstrate two facts: (1) that ICBC was responsible for the appearance of authority in Cheryl Sutton to control plaintiff's employment, and (2) Mr. Gillman reasonably relied on the representations of Cheryl Sutton. Cheryl Sutton's conduct alone cannot be the basis for apparent authority.

Source:   Hallock v. State, 64 N.Y.2d 224, 231, 485 N.Y.S.2d 510, 513 (1984); Ford v. Unity Hosp., 32 N.Y.2d 464, 346 N.Y.S.2d 238 (1973). Herbert Constr. Co. v. Continental Ins. Co., 931 F.2d 989, 993-94 (2d Cir. 1991) (citations and quotations omitted); accord FDIC v. Providence Coll., 115 F.3d 136, 140 (2d Cir. 1997). Fennell v. TLB Kent Co., 865 F.2d 498, 503 (2d Cir. 1989); Zhao v. State Univ. of N.Y., 472 F. Supp. 2d 289, 319 (E.D.N.Y. 2007)

**Defendant's Proposed Instruction No. 2**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____

_____
**Chief United States District Judge**

Requested Instruction No. 17

**(Reasonable and Good Faith Belief)**

The only claim before you is whether ICBC retaliated against plaintiff for his alleged opposition to Cheryl Sutton's discriminatory actions.  In order to prove his retaliation claim, plaintiff must show that he held a good faith, reasonable belief that the conduct he opposed violated the law.  To evaluate whether plaintiff possessed the required good faith and reasonable belief, I will instruct you as to the elements of a sexual harassment claim.  I remind you again, the purpose of this instruction is solely to enable you to evaluate whether plaintiff has met the burdens imposed by his retaliation claim, not to suggest that he has a sexual harassment claim.  In fact, I have already dismissed the sexual harassment claim that plaintiff brought against ICBC.

Federal law prohibits two types of sexual harassment.  In the first kind of claim, plaintiff would have had to prove by a preponderance of evidence that he was subjected to Cheryl Sutton's overtures because of his sex, that her conduct was not welcomed by plaintiff, that plaintiff's submission to Cheryl Sutton's overtures was an express or implied condition for keeping his job, and that his rejection of Cheryl Sutton's overtures was a motivating factor in his termination.  Moreover, plaintiff would have had to prove that Cheryl Sutton was his supervisor.  For these purposes, a supervisor is one who had the power to hire, fire, demote, transfer, or discipline plaintiff, to set work schedules and pay rates, or to make other decisions that would affect the terms and conditions of his employment, whether exercised alone or in connection with others.

In the second kind of sexual harassment claim, plaintiff would have had to prove by a preponderance of evidence that he endured a hostile work environment created by Cheryl

Sutton's conduct.  Specifically, he would have had to prove that Cheryl Sutton's conduct towards him during the 2007-2008 time period was unwelcome, occurred because plaintiff is a man, and was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find his work environment to be hostile and abusive, and, at the time such conduct occurred and as a result of such conduct, plaintiff believed his work environment was hostile or abusive. Furthermore, in order to have held ICBC liable for Cheryl Sutton's conduct under this type of sexual harassment claim, plaintiff would have had to show that she was a supervisor at a sufficiently high level in the company, that Cheryl Sutton used her actual or apparent authority to further the harassment, that ICBC provided no reasonable avenue for the complaint; *or* that ICBC knew (or should have known) of the harassment but unreasonably failed to stop it.

As I already stated, the legal elements of the two types of sexual harassment claims are only relevant insofar as they will aid you in determining whether plaintiff has shown by a preponderance of the evidence that he held a good faith, reasonable belief that he was opposing unlawful conduct by Cheryl Sutton.

Source:      O'Malley, Vol. 3C, § 171.21-22 (adapted); FEDCIV-JI3C 5.1.4 (adapted); Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 72, (1986); Torres v. Pisano, 116 F.3d 625, 634 (2d Cir. 1997); see also Kotcher v. Rosa and Sullivan Appliance Ctr., Inc., 957 F.2d 59, 63 (2d Cir. 1992).

**Defendant's Proposed Instruction No. 2**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____

_____
**Chief United States District Judge**

Requested Instruction No. 17

**(Knowledge by Decision Makers)**

You must also decide if plaintiff has established by a preponderance of evidence that the persons at ICBC who terminated plaintiff's employment had knowledge of plaintiff's alleged rejection of Ms. Sutton's romantic overtures and, if not, whether those decision makers acted pursuant to the encouragement of someone who did have such knowledge.  Plaintiff cannot prove that a causal connection exists unless he establishes such knowledge or encouragement. However, even if you find such knowledge or encouragement, you may still find that ICBC did not retaliate against plaintiff if you find that ICBC did not possess a retaliatory motive.

Source:    Henry v. Wyeth Pharms., Inc. 616 F.3d 134 (2d Cir. 2010); Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111 (2d Cir. 2000); Kull v. Davidoff of Geneva (N.Y.), Inc., No. 01 Civ. 4831, 2004 WL 1418088 (S.D.N.Y. June 23, 2004); Sales v. YM & YWHA of Washington Heights & Inwood, Nos. 00 Civ. 8641, 01 Civ. 1796, 2003 WL 164276, at *8 (S.D.N.Y. Jan. 22, 2003).

**Defendant's Proposed Instruction No. 17**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____

_____
**Chief United States District Judge**

Requested Instruction No. 19

**(Malice)**

In order to establish malice or reckless indifference, a plaintiff need not show that the defendant committed egregious or outrageous acts.  Rather, a plaintiff need only demonstrate that the defendant had the "requisite state of mind" of malice or reckless indifference.  A plaintiff seeking to establish malice or reckless indifference must demonstrate that the employer had knowledge that it was acting in violation of federal law, and not merely that the employer knew that it was engaging in retaliation.

Source:    Cush-Crawford v. Adchem Corp., 271 F.3d 352, 356 (2d Cir. 2001); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001).

**Defendant's Proposed Instruction No. 17**

**Given**_____
**Refused**_____
**Given as modified**_____
**Withdrawn**_____

_____
**Chief United States District Judge**